846 F.2d 71
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Donna L. HINE, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 87-3858.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 11, 1988.
Decided April 19, 1988.
 
 Donna L. Hine, petitioner pro se.
 James Michael O'Neill, Barbara J. Johnson, Patricia May Nece, U.S. Department of Labor, for respondent.
 Before DONALD RUSSELL, SPROUSE, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Donna L. Hine applied for benefits under the Black Lung Act, 30 U.S.C. Secs. 901 et seq., as the disabled, adult, divorced daughter of deceased former miner Edward Lee Bartholow.[1] Hine's application was denied by an administrative law judge (ALJ) on two grounds: (1) Hine's marriage--even though later terminated by divorce--ended her eligibility for benefits derivative from her father; (2) Hine failed to prove that her father was totally disabled by pneumoconiosis at the time of his death. On appeal, the Benefits Review Board (BRB, or the Board) affirmed the ALJ's denial of benefits.[2] We affirm the Board. We also find that the facts and legal arguments are adequately presented in the briefs and record and that the decisional process would not be significantly aided by oral argument; consequently, we dispense with oral argument.
 
 
 2
 * On appeal from a decision of the BRB, this Court reviews only for errors of law, including whether the Board has used the proper standard of review in considering the hearing officer's decision. The Board's resolution of issues should be upheld if supported by a reasonable factual and legal basis. See Amigo Smokeless Coal Co. v. Director, Office of Workers' Compensation Programs, 642 F.2d 68, 69 (4th Cir.1981). To determine whether the Board has properly adhered to its scope of review, this Court must make an independent review of the record and decide whether the ALJ's findings are supported by substantial evidence. Sun Shipbuilding & Dry Dock Co. v. McCabe, 593 F.2d 234, 237 (3d Cir.1979), cited in Amigo, 642 F.2d at 69; cf. Crum v. General Adjustment Bureau, 738 F.2d 474, 477 (D.C.Cir.1984).
 
 II
 
 3
 The record discloses and the ALJ found that claimant Hine's parents were married in 1946 and divorced in 1961; claimant was born in 1948. After the divorce claimant's father, Edward Lee Bartholow, moved to California; his former wife and his daughter (claimant) never again saw or heard from him. Bartholow died in 1971 from an overdose of barbiturates and alcohol; California authorities ruled his death was suicide.
 
 
 4
 The record also discloses that claimant was severely physically abused by her father before the family's breakup. There is evidence that claimant Hine suffers permanent, complete disability from epilepsy allegedly resulting from her father's beatings; she has never had substantial, gainful employment.
 
 
 5
 Bartholow had 15 years, 8 months, qualifying employment in the nation's coal mines; however, he apparently never sought or received black lung benefits. The only evidence of record tending to prove that Bartholow was totally disabled as a result of pneumoconiosis at the time of his death is unsworn, lay evidence submitted by his former wife (claimant's mother) who wrote a letter to the Department of Labor stating, in pertinent part, that:
 
 
 6
 I was married 18 years to Edward Bartholow.
 
 
 7
 After he worked the coal mines for some time, I remember how shallow his breath became, and how he always had a cough. He thought he had a cold.... He complained of a cold, winter and also summer.
 
 
 8
 He became what I thought was a lazy person.... He could not do anything without panting. He was not heavy or fat.... I realized later ... that he ... was suffering from Black Lung. He had severe breathing problems. He told me more than once it seemed like he had a band closing around his lungs.
 
 
 9
 Significantly, there is absolutely no medical evidence of record to prove that at his death Bartholow was totally disabled due to pneumoconiosis. Although an autopsy was performed after his suicide in 1971, the medical examiner's report is silent as to the presence of pneumoconiosis or other respiratory diseases in Bartholow's lungs and their sequelae, and there is no evidence whether lung tissue or other clinical specimens could have been obtained to support claimant's application for benefits.
 
 III
 
 10
 The Department of Labor regulations implementing the Black Lung Act establish a rebuttable presumption that a miner is totally disabled by pneumoconiosis at the time of his death provided (i) he has ten or more years qualifying employment in the nation's coal mines and (ii) the existence of pneumoconiosis is satisfactorily proven by any of five specified, evidentiary bases or any combination thereof. 20 C.F.R. Sec. 727.203(a). Four of those bases require objective, medical or clinical evidence: chest x-rays, Sec. 203(a)(1); ventilatory studies, Sec. 203(a)(2); blood gas studies, Sec. 203(a)(3); or "other medical evidence, including the documented opinion of a physician exercising reasoned medical judgment," Sec. 203(a)(4). The fifth basis provides that "In the case of a deceased miner where no medical evidence is available, the affidavit of the survivor ... or other such persons with knowledge of the miner's physical condition, demonstrates the presence of a totally disabling respiratory or pulmonary impairment." Sec. 203(a)(5).
 
 
 11
 The record contains no evidence meeting the requirements of 20 C.F.R. Sec. 727.203(a)(1) through (4). The California medical examiner's autopsy report provides no support for a conclusion that Bartholow was totally disabled by pneumoconiosis at the time of his death. The only evidence tending to prove that Bartholow suffered pneumoconiosis is the unsworn letter tendered by his former wife.
 
 
 12
 The ALJ properly concluded that the former wife's statements were insufficiently probative under 20 C.F.R. Sec. 727.203(a)(5) to invoke the presumption of total disability due to pneumoconiosis; that conclusion is sufficient for a denial of benefits to the decedent's daughter. We find that there was substantial evidence to support the ALJ's findings and conclusions that Edward Lee Bartholow was not totally disabled by pneumoconiosis at the time of his death, that his decision is in accordance with law, and that the Benefits Review Board properly affirmed the ALJ's denial of surviving dependent's benefits to Donna L. Hine for the foregoing reason. Accordingly, the decision and order of the Board affirming the administrative law judge is affirmed.
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 Dependents of miners disabled by pneumoconiosis are eligible for derivative benefits under conditions and circumstances provided by regulation. 20 C.F.R. Secs. 725.218, 725.219
 
 
 [2]
 The Board affirmed the denial solely on the basis that Hine failed to prove that her father was totally disabled by pneumoconiosis at the time of his death; the Board expressly declined to address Hine's eligibility as decendent's surviving dependent